UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KLEIN-BECKER USA and<br>KLEIN-BECKER IP HOLDINGS, LLC,<br><br>    Plaintiffs,<br><br>vs.<br><br>PATRICK ENGLERT and MR.<br>FINEST SUPPLEMENTS, INC.,<br><br>    Defendants. | Case No. 4:13-MC-522(CEJ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the defendants' claims of exemption from execution on judgment. Plaintiffs have not filed a response.

**I.    Background**

On January 25, 2011, the United States District Court for the District of Utah entered a judgment in favor of plaintiffs Klein-Becker USA, LLC, and Klein-Becker IP Holdings, LLC, and against defendants Patrick Englert and Mr. Finest Supplements, Inc., in the sum of $773,384.31 plus attorneys' fees and costs. [Doc. #1-1]. Plaintiffs registered the judgment in this district on September 20, 2013. Although plaintiffs were able to recover some money through garnishment proceedings, a substantial portion of the judgment remains unpaid. [Docs. #9, #10, #12].

On April 29, 2016, plaintiffs requested service of writs of execution on defendants for (1) a 2002 Jeep Cherokee; (2) furniture (glass table, couch, chairs); (3) a laptop computer, a desktop computer, and accompanying monitor, keyboard, and cords; (4) a wedding ring; and (5) any cash in defendant Englert's possession. [Doc. #13]. The writs of execution were served by the U.S. Marshals Service on

May 13, 2016. On May 27, 2016, defendants timely filed claims of exemption, pursuant to Mo.Rev.Stat. § 513.430.1.

## II. Discussion

Under Rule 69(a) of the Federal Rules of Civil Procedure, a federal court must follow relevant state law in a proceeding to execute on a judgment, unless a federal statute dictates otherwise. See United States v. Yazell, 382 U.S. 341, 354–55 (1966). Judgment debtors in Missouri may claim statutory exemptions to execution by filing a verified request within 20 days of receiving notice. Mo.Sup.Ct.R. 76.05(b). Here, defendants timely filed claims for statutory exemptions for $20.00 in cash and for household furnishings and goods, wedding rings, and motor vehicles. See Mo.Rev.Stat. § 513.430.1.[1]

A judgment creditor may object to a claim for exemption by filing a request for court review within 10 days of the filing of the exemption. Mo.S.Ct.R. 76.075 (b). If a request for court review is not timely filed, the court must release the

---

[1] 1. The following property shall be exempt from attachment and execution to the extent of any person's interest therein:

> (1) Household furnishings, household goods, wearing apparel, appliances, books, animals, crops or musical instruments that are held primarily for personal, family or household use of such person or a dependent of such person, not to exceed three thousand dollars in value in the aggregate;
> (2) A wedding ring not to exceed one thousand five hundred dollars in value and other jewelry held primarily for the personal, family or household use of such person or a dependent of such person, not to exceed five hundred dollars in value in the aggregate;
> (3) Any other property of any kind, not to exceed in value six hundred dollars in the aggregate;
>
> * * *
>
> (5) Any motor vehicles, not to exceed three thousand dollars in value in the aggregate

Mo.Rev.Stat.§ 513.430.1.

items claimed for exemption. Mo.Sup.Ct.R. 76.075(c). Here, plaintiffs have not filed a request for court review.

Accordingly,

**IT IS HEREBY ORDERED** that the following property is released from execution:

(1) $20.00 in United States currency, pursuant to Mo.Rev.Stat. § 513.430.1(3);

(2) One 2002 Jeep Cherokee, currently valued at $2,000.00, pursuant to Mo.Rev.Stat. § 513.430.1(5);

(3) Furniture (glass table, couch, chairs), currently valued at $1,500.00, pursuant to Mo.Rev.Stat. § 513.430.1(1);

(4) Laptop computer, desktop computer, and accompanying monitor, keyboard, and cords, currently valued at $600.00, pursuant to Mo.Rev.Stat. § 513.430.1(1); and

(5) One wedding ring, currently valued at $40.00, pursuant to Mo.Rev.Stat. § 513.430.1(2).

                                                    _____
                                                    CAROL E. JACKSON
                                                    UNITED STATES DISTRICT JUDGE

Dated this 21st day of June, 2016.